# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, *et al.* | Case No.: 1:08-CV-00046 |
| Plaintiffs, | Judge Edmund A. Sargus |
| v. | Magistrate Judge Norah M. King |
| DUKE ENERGY INTERNATIONAL, INC., *et al.* | |
| Defendants. | |

## [~~PROPOSED~~] EAS ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE AND SETTING DATE FOR SETTLEMENT FAIRNESS HEARING

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice and Setting Date for Settlement Fairness Hearing ("Motion"). The Court has reviewed the Motion and the Stipulation of Class Action Settlement dated October 20 ("Stipulation") entered into by Plaintiffs with Defendant Duke Energy Corporation, Inc., Duke Energy Ohio, Inc. (collectively "Duke or "Defendants") and Related Parties,[1] and attached exhibits, and finds that the Motion should be GRANTED.

**NOW, THEREFORE,** the Court hereby **ORDERS**:

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Stipulation.

1

1. The Court does hereby preliminarily approve the Class Action Settlement, including the notices and the releases contained therein as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Settlement Fairness Hearing described below.

2. A hearing (the "Settlement Fairness Hearing") shall be held before this Court on  April 18 , 2016 at 10:00 a.m. for the following purposes:

    a. To determine whether the proposed Settlement of the Class Action on the terms and conditions provided for the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court;

    b. To determine whether a Judgment as defined in the Stipulation, should be entered;

    c. To determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

    d. To determine whether Plaintiffs' application for attorneys' fees and reimbursement of expenses, and an award for incentive payments should be approved; and

    e. To rule upon such matters as the Court may deem appropriate.

3. The Court approves, as to form and content, the Summary Notice, Facebook Notice, electronic Proof of Claim form, and Postcard Notice which includes a perforated Proof of Claim form, attached as Exhibits 3, 5, 6, 8, and 9 to the Stipulation, and finds that the mailing, distribution and publishing of the Settlement Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Fed. R. Civ. P. 23 and due process, and is

2

the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

4. The Complaint was commenced after February 18, 2005. The Court directs the Settling Defendants to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. §1715. Counsel for Settling Defendants shall, at or before the Settlement Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5. The firm of Garden City Group, LLC ("Claims Administrator") is hereby appointed, under the supervision of Plaintiffs' Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. No later than 60 days after entry of this Order: i) Plaintiffs' Counsel shall cause a copy of the Postcard Notice, substantially in the form attached as Exhibit 6 to the Stipulation, to be mailed by first class mail to all potential Settlement Class Members who can be identified with reasonable effort; ii) Plaintiffs' Counsel shall cause the Summary Notice, substantially in the form attached as Exhibit 9 to the Stipulation, to be published once in the *Cincinnati Enquirer, Wilmington News Journal, Hillsboro Gazette,* and *Dayton Daily News,* and over the Ohio PR Newswire in English and Spanish, or as otherwise ordered by the Court; iii) Plaintiffs' Counsel shall cause the Facebook Notice, substantially in the form attached as Exhibit 3 to the Stipulation to be placed on Facebook through geographically-targeted advertisements; and iv) Plaintiffs' Counsel shall cause the electronic Proof of Claim form,

substantially in the form attached as Exhibit 8 to the Stipulation to be published and made available on the Class Website;

  b.  No later than 14 calendar days before the Settlement Fairness Hearing, Plaintiffs' Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court.

6. To be entitled to participate in the Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

  a.  A properly executed electronic or hard copy Proof of Claim form, substantially in the forms attached as Exhibits 6 and 8 to the Stipulation must be submitted to the Claims Administrator no later than 120 calendar days after the initial mailing of the Settlement Notice. Such deadline may be extended by Court Order. Each Proof of Claim submitted via U.S. Mail shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Settlement Fund. Each Proof of Claim electronically submitted shall be deemed to be submitted when transmitted. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated by the Settlement Notice. Any Settlement Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise

ordered by the Court. Notwithstanding the foregoing, Plaintiffs' Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his/her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and, (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his/her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim.

c. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Class Claims as provided in the Stipulation.

7. All Settlement Class Members shall be bound by all determinations and judgments in the Class Action concerning the Settlement, including but not limited to, the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class and have not opted back in. The persons and entities who requested exclusion

from the class and who have not opted back in will be excluded from the Settlement Class and shall not have rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Settlement Fund as described in the Stipulation and in the Settlement Notice, and shall not be bound by the Stipulation or the Judgment entered as to the Defendants in the Class Action.

8. Pending final determination of whether the Stipulation should be approved, Plaintiffs' Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from commencing or prosecuting any action asserting any Settled Class Claims against any Released Parties, including the Defendants.

9. Any Settlement Class Member may enter an appearance in the Class Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Plaintiffs' Counsel and counsel for the Defendants a notice of such appearance no later than 90 calendar days after the initial mailing of the Settlement Notice. If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

10. All papers in support of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's Fee and Expense Application shall be filed no later than 60 calendar days after entry of this Order.

11. Any Settlement Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Plaintiffs' Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no Person shall be heard or entitled to contest such matters,

unless that Person has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than 90 calendar days after the initial mailing of the Settlement Notice to each of the following:

> CLERK OF THE COURT
> United States District Court
> Southern District of Ohio
> 85 Marconi Blvd.
> Columbus, Ohio 43215
>
> MARKOVITS, STOCK & DeMARCO, LLC
> W.B. Markovits, Esq./Paul M. DeMarco, Esq.
> Christopher Stock, Esq.
> 119 East Court Street, Suite 530
> Cincinnati, Ohio 45202
> *Plaintiffs' Counsel*
>
> FREKING & BETZ, LLC
> Randolph H. Freking, Esq./Kelly Mulloy Myers, Esq.
> George M. Reul, Jr., Esq.
> 525 Vine Street, 6th Floor
> Cincinnati, OH 45202

12. Any person who does not make his, her, or its objection in the manner provided in the Settlement Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than 20 calendar days before the Settlement Fairness Hearing.

13. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

14. All reasonable costs and expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, remaining funds shall be handled in accordance with ¶¶25 42, and 43 of the Stipulation.

15. This Order, the Stipulation, and Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, Stipulation, and the Settlement, shall not constitute evidence, or an admission by any of the Settlement Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Defendants or the Released Parties. This Order, Stipulation, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, Stipulation, and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

16. The Court reserves the right to adjourn the date of the Settlement Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The

Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and the Defendants, if appropriate, without further notice to the Settlement Class.

Dated: October 21, 2015

HONORABLE EDMUND A. SARGUS
UNITED STATES DISTRICT JUDGE