IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS, *et al.*, | ) | |
| | ) | Case No. 1:08-CV-00046 |
| Plaintiffs, | ) | |
| v. | ) | Judge: Edmund Sargus |
| | ) | |
| DUKE ENERGY CORPORATION, *et al.* | ) | Magistrate Judge: Norah King |
| | ) | |
| Defendants. | | |

## OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class Member, David Ference, hereby objects to the proposed class action settlement in the proceeding known as *Anthony William, et al., v. Duke Energy Corporation, et al.*

My name is David Ference, and I reside in Ohio. I was a Duke Energy customer from 2002 to present. Attached as Exhibit A is a copy of my online claim as proof of my status as Duke Energy customer during the relevant time period. Therefore, I am a Class Member. I have read the Class Notice and find the settlement unfair as follows:

### EXCLUSION OF CLASS MEMBERS - CLAIMS UNDER $10

The Court should deny final approval because the proposed settlement extinguishes the claims of some Claimants without providing monetary relief. Claimants owed less than $10 will not receive monetary relief under the Allocation Plan. Such a result may be reasonable for absent class members that do not submit a claim form, but it is unreasonable and unfair to deny a Claimant relief because his or her claim is less than $10.00. There is no evidence in the record as to the economic infeasibility of a $10.00 payment. As a result, the threshold is arbitrary and unreasonable. The Court should deny final approval until the Parties demonstrate the economic infeasibility of a $10 payment, and whether or not there are other forms of payment that may reduce the administration costs.

### UNFAIR, UNREASONABLE, AND INADEQUATE DISTRIBUTION OF SETTLEMENT FUNDS

The Court should deny final approval because the Class Benefit Fund is an unreasonable, unfair, and inadequate distribution of settlement funds. Rule 23 was created to allow plaintiffs to directly recover damages for their injuries. Cy pres distributions substitute direct distributions to the injured in favor of an indirect benefit. The CBF does not provide direct relief to Class Members. The CBF does not contact absent Class Members for the purpose of delivering to them their share of settlement relief. Instead, the CBF is designed to benefit the public and Class Members indirectly through energy efficiency endeavors. Cy pres relief is appropriate only if there is a residue after the settlement distribution program is complete and the cy pres beneficiary(ies) serve the underlying issues of the action. The $8 million CBF distribution is in fact a cy pres payment that is contrary to the law of this circuit and circuits across the country. The $8 million funds should flow to the Class first, then to an appropriate cy pres beneficiary. The issue should be properly addressed and included in the settlement agreement and evaluated by the court along with the other settlement provisions. Because the settlement does not

appropriately account for the distribution of unclaimed funds using a proper cy pres mechanism, the Court must reject the settlement and deny final approval.

Settlement funds belong to class members and do not serve as a resource for general public interest activities overseen or endorsed by the court. A settlement generates property interests, and proceeds of a settlement fund—having been generated by the value of class members' claims—belong solely to the class. The ALI Principles describe two circumstances in which cy pres awards are appropriate: (1),, when settlement funds remain after all claims are satisfied or when distribution of funds to all class members is not feasible (for example, because recipients cannot be located); or (2) when the identified or administrative costs for distribution are too large and the interests of the cy pres recipients reasonably approximate the interests of the class members. ALI, *Principles of the Law of Aggregate Litig.*, § 3.07 (2010). The First Circuit adopted the ALI approach in *In re Lupron Marketing and Sales Practices Litigation*, 677 F.3d 21 (2012). Here, it is possible that residual funds may be distributed to Claimants.

The Fifth Circuit determined that "[w]here it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so, except where an additional distribution would provide a windfall to class members with liquidated-damages claims that were 100 percent satisfied by the initial distribution." *Klier v. Elf Atochem North Am. Inc.*, 658 F.3d 468, 475 (footnote omitted) (5th Cir. 2011). Here, Claimants are not receiving their full damages. In fact, there is a strict cap on Claimant recovery. Further, there is no evidence in the record (because settlement distributions have not been made) to determine that it is not economically feasible to make additional pro rata distributions to Claimants. The Court should reject the Settlement and the Parties should re-direct the proposed $8 million CBF distribution to the residential and non-residential subclasses.

The ALI Principles also reject the reversion of unclaimed funds to the defendant. The ALI Principles explain that returning unclaimed funds to the defendant "would undermine the deterrence function of class actions and the underlying substantive-law basis of the recovery by rewarding the alleged wrongdoer simply because distribution to the class would not be viable." ALI Principles, § 3.07 cmt. b. Courts have generally agreed with the ALI Principles. See 3 Newberg on Class Actions § 10:17 (4th ed. 2011). Here, unused CBF funds revert to Defendant, which is unfair and unreasonable to the Class. The CBF may be an adequate cy pres recipient; however, the funding of the CBF at the outset of all settlement distributions combined with the reverter clause is unfair and unreasonable and indicates that the interests of the Class are not being protected (especially when a Duke employee serves on the CBF board). The Court should deny the Settlement.

The U.S. Supreme Court is waiting for an opportunity to address more fundamental concerns surrounding the use of cy pres remedies in class action litigation, including when, if ever, such relief should be considered. See *Marek v. Lane*, 2013 BL 304474, U.S., No. 13-136, certiorari denied 11/4/13. This Settlement could provide the Supreme Court with that opportunity.

The Court also should not approve any distribution via a cy pres beneficiary or to the CBF until it can determine the adequacy of the settlement in comparison to class benefits. The Third Circuit held in In re Baby Products Antitrust Litigation that a settlement, whether or not incorporating a cy pres award, should provide sufficient compensation to class members. In re *Baby Prods. Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). The Third Circuit rejected a cy pres distribution of approximately $18 million because it was too large in comparison to class benefits, which was approximately $3 million. The Third Circuit held that "barring sufficient justification, cy pres awards should generally represent a small percentage of total settlement funds." 708 F.3d at 173-

76.) The total distributions to both residential and non-residential ratepayers has not been determined. Any distribution to either CBF or another cy pres beneficiary should not exceed the benefits to either subclass.

## EXCLUSION OF CLASS MEMBERS – DIY OWNERS

The Court should deny the Settlement because it does not direct earned interest to be paid to the Class. All interest earned on sums held in trust for a class are reserved to the class alone. *In re Airline Ticket Com'n Antitrust Lit.*, 953 F. Supp. 280, 286 (D. Minn. 1997) (denying class counsels' request for a portion of interest earned on the settlement sum). The Settlement directs "interest accrued on monies placed into the Settlement Fund for a particular fund shall be applied to benefit that fund." Settlement Agreement at ¶ 22. Only the Class should benefit from accrued interest. At no time should Class Counsel or Defendant benefit from the interest generated on behalf of the Class. The Court should reject the Settlement and the Parties should allocate all earned interest to Claimant payments.

## UNFAIR SETTLEMENT– $300 CLAIM THRESHOLD

The Settlement Release is unfair to Class Members that are precluded from receiving benefits under the Settlement. If the Settlement is limited to claims above $300, then the Settlement effectively extinguishes the claims of every Class Member with damages less than the $300 threshold. The Court should limit the scope of released to individuals with claims above $300. Defendant should not get the benefit of a Release that extinguishes the Claims of Class Members that are not entitled to relief. Further, the Release should be limited to all 5.4L 3-valve engine vehicles identified in the Notice, not the "operative Complaint," which includes vehicles that are not covered by the Settlement.

## REDUCTION OF ATTORNEYS' FEE REQUEST

If the Court approves the Settlement, which it should not, the Court should reduce Class Counsel's fee in proportion to the total amount of Settlement funds that revert back to Defendant, plus the total amount of benefits denied to Claimants owed less than $10. The reverter clause reimburses Defendant for amounts paid to the Class. The denial of settlement benefits to Claimants owed less than $10 essentially renders those claims as non-existent, thereby reducing the true claims-rate. Because the Class will not benefit from those funds, Class Counsel should not be entitled to fees from those funds.

This Court and courts across the country have staggered fee recovery based on claims-rates and amounts that ultimately revert to defendants. See e.g. *Bowling v. Pfizer, Inc.*, 922 F. Supp. 1261, 1283-84 (S.D. Ohio 1996), aff'd *Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996). This district has reduced a fee request based on claims rate information. *Michel v. Wm Healthcare Solutions*, 2014 U.S. Dist. LEXIS 15606 (S.D. Ohio Feb. 7, 2014) (reducing from 33.3% request to 15% where claims rate was only 3.9%). Other district courts have similarly reduced percentage-of-fund fee awards based on claims rates. See, e.g., *Pearson v. Nbty, Inc.*, No. 11-cv-7972, 2014 U.S. Dist. LEXIS 357, at *21-*27 (N.D. Ill. Jan. 3, 2014) (reducing 25% benchmark to 9.6% based on low claims rates); *Wise v. Popoff*, 835 F. Supp. 977, 982 (E.D. Mich. 1993); *Waters*, 190 F.3d at 1296 (reciting the holding of *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844 (5th Cir. 1998)). The Court should hold off on any fee award until it can make such a calculation.

Reduced fee amounts should be distributed to Claimants first, and then to absent Class Members via cy pres if additional distributions to Claimants is not feasible. See e.g., *Michel v. Wm Healthcare Solutions,* No. 1:10-cv-638, 2014 U.S. Dist. LEXIS 15606, at *52 (S.D. Ohio Feb. 7, 2014) (lowering the fee to 15% "will accomplish…important goals.…[B]y reducing the amount of the fund paid to Class Counsel, the Court augments the benefit to each Class Member.").

## REDUCTION OF PLAINTIFFS' INCENTIVE PAYMENT

If the Court approves the Settlement, it should reduce the total of each incentive payment to the named Plaintiffs. Class Counsel requests $20,000 for each of the four named Plaintiffs. Class Counsel's request is unreasonable and unfair to the Class. Class Counsel provides, as justification for the excessive incentive award request, that each Class Representative:

- Met with Plaintiffs' counsel
- Produced documents and answered interrogatories
- Gave a deposition
- Participated in settlement talks and,
- In some cases, attended mediation sessions.

The named Representatives did not face any increased risks, such as retaliation, that merit a $20,000 incentive award. The Sixth Circuit provided relevant guidelines for incentive awards in *In re Dry Max Pampers Litigation*. 724 F.3d 713 (6th Cir. 2013). The Sixth Circuit noted: "The propriety of incentive payments is arguably at its height when the award represents a fraction of a class representative's likely damages; for in that case the class representative is left to recover the remainder of his damages by means of the same mechanisms that unnamed class members must recover theirs. The members' incentives are thus aligned. But we should be most dubious of incentive payments when they make the class representatives whole, or (as here) even more than whole; for in that case the class representatives have no reason to care whether the mechanisms available to unnamed class members can provide adequate relief. *Accord Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1161 (9th Cir. 2013) (holding that the "incentive awards significantly exceeded in amount what absent class members could expect upon settlement approval" and thus "created a patent divergence of interests between the named representatives and the class"). Here, each of the $20,000 incentive payments do not represent a fraction of the representative's likely damages. Instead, the proposed incentive payment potentially makes each of the representatives whole, or possible more than whole. The damages of each of named Plaintiff is not clear. Because the proposed $20,000 are not proportionate to the risks faced by the named Plaintiffs, and because the proposed incentive awards potentially make the representatives whole, the Court should reduce the proposed incentive payments.

INTENTIONALLY LEFT BLANK AND CONTINUED TO NEXT PAGE

I declare under of penalty of perjury the above is true to the best of my knowledge.

_____
David Ference, Objector

Dated: March __14__, 2016

By: /s/ Simina Vourlis
_____
Simina Vourlis, Attorney
The Law Offices of Simina Vourlis
1689 W. Third Avenue
Columbus, OH 43212-6710
Telephone Phone: 614.487.5900
svourlis@vourlislaw.com

Attorney for Objector

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on March __14__, 2016, and served by the same means on all counsel of record.

/s/ Simina Vourlis
_____

# Williams v. Duke Energy

www.dukeclassaction.com

## CONFIRMATION OF CLAIM FORM SUBMITTAL

Thank you for submitting your claim. Your Claim Number is set forth below. Please print this page for your records or write down your Claim Number. Your Claim Number may be requested in any future correspondence regarding your claim.

**Claim Number:** 10024184

Print                    Home

EXHIBIT A