UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY WILLIAMS,** *et al.*

           **Plaintiffs,**

   v.

**DUKE ENERGY INTERNATIONAL,
INC.,** *et al.*,

        **Defendants.**

         **Case No. 1:08-cv-00046**
         **CHIEF JUDGE EDMUND A. SARGUS, JR.**
         **Magistrate Judge Norah McCann King**

**OPINION AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS**

This matter came before the Court for hearing pursuant to the Court's October 21, 2015 Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice and Setting Date for Settlement Fairness Hearing ("Preliminary Approval Order") (ECF No. 247) , on the application of Plaintiffs Anthony Williams, BGR, Inc., Munafo, Inc., and Aikido of Cincinnati ("Lead Plaintiffs" or "Class Representatives") and the Class of Plaintiffs they represent (collectively, "Plaintiffs") for approval of the settlement ("Settlement") set forth in the Stipulation of Class Action Settlement dated October 21, 2015 ("Stipulation", ECF No. 246-1) entered into with Defendants Duke Energy International, Inc. and Duke Energy Ohio, Inc. (collectively "Defendants").  This Court held a fairness hearing on April 19, 2016 to consider whether the Settlement was fair, reasonable, and adequate, and to determine the reasonableness of Plaintiffs' Counsel's attorneys' fee and litigation expenses, and incentive awards for the four Class Representatives. Having considered all papers filed and proceedings held herein, including this Court's findings at the fairness hearing, and having received declarations attesting to the

publication of the Notice, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.      This Order incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meaning as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Order as if set forth herein.

2.      The Court has jurisdiction over the subject matter of the Settlement and all parties in this matter, the Stipulation and Settlement.

3.      The Court finds that due and adequate notice was given in early 2016 to the potential class members of their right to be excluded from the Class.  The Court further finds that because all potential class members previously received the Court-approved class certification notice and were afforded the opportunity to be excluded from the Class, the parties need not provide potential class members a second opportunity to be excluded from the Class.

4.      The Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, Plaintiffs' Counsel's request for attorneys' fees and reimbursement of litigation expenses, incentive awards for the Class Representatives, and that the forms and methods for providing such notice to the Class:

  a.      constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort;

  b.      was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) their right to object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (ii) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they were

2

not excluded from the Class; (iii) their right to rejoin the Class if they had previously requested exclusion from the Class; (iv) the amount of attorneys' fees, litigation expenses, and Class Representative incentive awards requested in the Settlement; and (v) the binding effect of the proceedings, rulings, orders and judgment in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

        c.     was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with such notice; and,

        d.     fully satisfied all the applicable requirements under Fed. R. Civ. P. 23, due process, and all other applicable laws.

     5.     The Class excludes those persons or entities who timely and validly filed a request for exclusion from the Class under the Court-approved notice sent to the Class in early 2016. Those persons or entities previously requesting exclusion have had the opportunity to rejoin the Settlement.  Persons or entities who timely filed complete and valid requests for exclusion from the Class and who have not availed themselves of the opportunity to opt back into the Class are not bound by this Order or the terms of the Stipulation, and may pursue their own individual remedies against Defendants, to the extent they have standing to do so. Such persons or entities are not entitled to any rights or benefits provided to the Class Members under the Stipulation.

     6.     Under Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs. Accordingly, the Settlement embodied in the Stipulation is approved in all respects and shall be consummated in accordance with its terms and

conditions.  Plaintiffs and Defendants are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this judgment in this action.

7.      This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable. The Court directs Plaintiffs' Counsel and Garden City Group ("GCG"), the claims administrator, to proceed with processing Claims and the administration of the Settlement under the terms of the Stipulation and Plan of Allocation and, upon completion of the claim processing procedure, to present to this Court a proposed final distribution order for the distribution of the remaining Settlement funds, as provided in the Stipulation and Plan of Allocation.

8.      This Court, having considered Plaintiffs' Counsel's Motion for An Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Approval of Incentive Awards, hereby concludes that:

a.      Plaintiffs' Counsel's requested fee award equal to 24%, or $19,237,122.76, of the Settlement Sum (including interest accrued thereon) after litigation expenses incurred prior to preliminary approval have been deducted, is fair and reasonable;

b.      Plaintiffs' Counsel's requested reimbursement of litigation expenses of $720,321.83, with interest accrued thereon, is fair and reasonable, and that the litigation expenses Plaintiffs' Counsel incurred prior to preliminary approval, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of the Class;

c.      the incentive awards proposed of $20,000 for each Class Representative, for a total of $80,000 for all four Class Representatives combined, is fair and reasonable, and necessary to compensate the Class Representatives for their time and effort and the risk they undertook in pursuing this Action.

The Court-approved attorneys' fees and expenses reimbursed above shall be paid to Plaintiffs' Counsel as provided in the Stipulation for allocation to Plaintiffs' Counsel. The 24% fee award will also cover the additional time Plaintiffs' Counsel will spend on the administration of the Settlement.

9.      All payment of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel in this Action shall be made payable in the form and manner as stated in the Stipulation.

10.      Plaintiffs' Counsel may petition this Court for additional expenses as necessary as work is performed in carrying out the Administration of the Settlement, including notice and claims administration expenses of GCG.

11.      Two individuals objected to the settlement, Mr. Ference and Mr. Hagadom.  The Objections were heard on the merits at the fairness hearing, despite procedural deficiencies. Both lacked merit, and were overruled.

a.   Mr. Ference objected that the settlement amount does not include *de minimus* claims of $10.00 or less in value. As the Court stated in the hearing, courts have held that it is reasonable to establish *de minimus* claim levels to prevent excessive expenditures on administrative fees.  Furthermore, the *cy pres* argument  is inapposite in this case, as is the argument that any funds allocated to the Community Benefit Fund should not exceed the benefits to the residential and non-residential class members (they do not).

b.   Mr. Hagadorn objected to the Community Benefit Fund as unfair to retail ratepayers, and expressed his feeling that it will operate as a "super- legislature."  The Court heard testimony that the Community Benefit Fund will provide a benefit to individuals in the community affected.  Because this case has been in litigation for more than seven years,

5

individuals may have moved or died or become unable to perfect a claim.  The purpose of the Community Benefit Fund is reasonable.

12.     Defendants are hereby released and forever discharged from any and all of the Settled Class Claims and Released Claims.  All Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Settled Class Claims in any court or other forum against any of the Released Parties, regardless of whether or not such Class Member executes a Claim Form.  All Class Members are bound by the Stipulation and hereby are forever barred and enjoined from taking any action in violation of the Stipulation.

13.     The Court hereby dismisses with prejudice this Action and all of Plaintiffs' claims against Defendants. Plaintiffs and Defendants shall bear their own fees and costs.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed under or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed or may be used as an admission of, or evidence of, the validity of any of Plaintiffs' claims against Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreement embodied therein.  Defendants may file the Stipulation and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6

15.     Without affecting the finality of this Order in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; (c) payment of taxes by the Settlement Fund; and, (d) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

16.     Neither appellate review, nor modification of the Plan of Allocation set forth in the Stipulation and Notice, nor any action in regard to the award of Plaintiffs' Counsel's attorneys' fees and reimbursement of litigation expenses or incentive awards to Class Representatives, shall affect the finality of any other portion of this Order, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order.

17.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     This Order applies to all claims asserted in this Action. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

Accordingly, the Court **GRANTS** the motion for final approval of the class action settlement (ECF No. 251) and the motion to approve attorneys' fees, reimbursement of litigation expenses, and incentive awards (ECF No. 252).


     **IT IS SO ORDERED.**

4 - 25 - 2016
_____      _____
**DATE**                             **EDMUND A. SARGUS, JR.**
                                     **CHIEF UNITED STATES DISTRICT JUDGE**